**WO**  LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rick Lee Ray, | ) | No. CV 05-2718-PHX-EHC (VAM) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Lane Blair, et al., | ) | |
| Respondents. | ) | |

Petitioner, presently confined in the Diamondback Correctional Facility in Watonga, Oklahoma, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will order an answer.

**A.     Procedural Background**

On July 9, 1998, after a jury trial in the Maricopa County Superior Court, matter No. CR 97-92123, Petitioner was convicted of second-degree murder and sentenced to a term of sixteen years. His conviction was affirmed on direct appeal to the Arizona Court of Appeals. His post-conviction proceedings in the state courts were unsuccessful.

In his habeas petition, Petitioner raises eleven grounds for relief. He claims that his constitutional rights were violated regarding:

(1) counsel's failure to retain an expert in crime scene reconstruction;

(2)  counsel's failure to retain a ballistics expert;

(3) counsel's failure to retain a forensic pathologist;

**TERMPSREF**

(4) counsel's failure to provide competent advice regarding the plea offer;

(5) exclusion of evidence that would impeach the chief medical examiner;

(6) denial of a motion for new trial based on ineffective assistance of counsel for failing to object to prosecutorial misconduct;

(7) denial of a claim of effective assistance of appellate counsel regarding missing transcripts of the voluntariness hearing;

(8) exclusion of evidence of a witness's prior history of violence and suicide;

(9) introduction of false evidence by the prosecution through witnesses Dereck Hicks and Vance Matthews;

(10) introduction of false evidence by the prosecution through witness Allan Johnson; and

(11) aggravation of Petitioner's sentence without a finding by a jury, and improperly requiring community supervision after conclusion of time served in prison.

Petitioner asserts that some of the claims were exhausted by raising them before the Arizona Court of Appeals (Grounds 1-8) and admits that others were not raised in state court proceedings (Ground 9-11). For the claims that have not been exhausted, it appears that any unexhausted claim may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether claims were procedurally barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

**IT IS THEREFORE ORDERED:**

(1) That a copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases;

(2) That Respondent shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of

1 the defense.  See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also
2 Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005).  If not limited to affirmative defenses,
3 the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing
4 Section 2254 Cases;

5 (3) That Petitioner may file a reply within thirty (30) days from the date of service of
6 the answer;

7 (4)  That Petitioner shall serve upon Respondent, or if appearance has been entered
8 by counsel, upon the attorney, a copy of every further pleading or other document submitted
9 for consideration by the Court.  Petitioner shall include with the original document and copy,
10 to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy
11 of the pleading or document was mailed to Respondent or the counsel.  Any paper received
12 by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
13 Court may be disregarded by the Court;

14 (5) That at all times during the pendency of this action, Petitioner shall immediately
15 advise the Court of any change of address and its effective date.  Such notice shall be
16 captioned "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only
17 information pertaining to the change of address and its effective date.  The notice shall not
18 include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF
19 ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to
20 Federal Rule of Civil Procedure 41(b);

21 (6)  That aside from the two copies of the petition or amended petition that must be
22 submitted, a clear, legible copy of every pleading or other document filed shall accompany
23 each original pleading or other document filed with the Clerk for use by the District Judge
24 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
25 may result in the pleading or document being stricken without further notice to Petitioner;
26 and

27
28

1     (7) That this matter is referred to Magistrate Judge Virginia A. Mathis pursuant to
2 Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and
3 recommendation.

4     DATED this 23rd day of September, 2005.

*/s/ Earl H. Carroll*
Earl H. Carroll
United States District Judge